UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES ARTHUR LEE,

    Plaintiff,

v.                                Case No. 4:20-cv-549-WS-MJF

MARK INCH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff James Arthur Lee, DC# 052550, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1), and a motion to proceed *in forma pauperis*. (Doc. 2). The undersigned recommends that Lee's motion to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Lee is barred under § 1915(g) from proceeding *in forma pauperis*, and failed to pay the filing fee upon initiating this lawsuit.[1]

### I.   BACKGROUND

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Lee is an inmate of the Florida Department of Corrections ("FDC") currently confined at Sumter Correctional Institution. (Doc. 1 at 1). Lee's complaint names three Defendants: FDC Secretary Mark Inch, Captain Starling Brief, and Sergeant M. Hurst. (*Id*. at 1). Lee claims that in April 2020, when he was confined at Florida State Prison, Captain Brief and Sergeant Hurst violated his constitutional rights when they threw his legal property in the garbage, threatened him about filing grievances, and falsified a prison disciplinary report against him. (*Id*. at 6-11). Lee also alleges that he injured his right hand on June 4, 2020, while confined at FSP, when he was attacked by other inmates. (*Id*. at 3). Lee seeks declaratory and injunctive relief, compensatory damages in the amount of $200 million against Secretary Inch in his individual and official capacities, and $500 million against the FDC. (*Id*. at 8, 17-19).

## II.   DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Lee admits that he has three strikes under § 1915(g). (Doc. 1 at 6). Lee, therefore, may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g);

*Brown, supra*. To come within this exception, Lee's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). An allegation of past imminent danger will not invoke the exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Construed liberally, Lee's allegations fail to make a colorable showing that he is under imminent danger of serious physical injury. Lee's allegations describe only past conduct that occurred at a prior institution. Because Lee is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree, supra*.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

2.  The clerk of court close this case file.

At Panama City, Florida, this 1st day of December, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**